# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| STANT PARENT CORP., *et al.*,[1] | Case No. 09-12647 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 15 |

**ORDER (A) APPROVING BID PROCEDURES
RELATING TO SALE OF THE DEBTORS' ASSETS;
(B) SCHEDULING A HEARING TO CONSIDER THE SALE;
(C) APPROVING THE FORM AND MANNER OF NOTICE OF SALE
BY AUCTION; (D) ESTABLISHING PROCEDURES FOR NOTICING AND
DETERMINING CURE AMOUNTS; AND (E) GRANTING RELATED RELIEF**

This matter came to be heard by this Court on the Motion[2] of the above-captioned debtors

and debtors-in-possession (collectively, the **"Debtors"**), requesting entry of (i) an order

(a) approving the bid procedures attached hereto as <u>Exhibit 1</u> (the **"Bid Procedures"**) with

respect to the proposed sale of the Debtors' assets (the **"Acquired Assets"**), as more fully set

forth in that certain asset purchase agreement (the **"Agreement"**) by and between the Debtors

and Vapor Acquisition Corp. (the **"Stalking Horse Purchaser"**), (b) establishing the date, time

and place for a sale hearing (the **"Sale Hearing"**), (c) approving the form and manner of notice

of the sale by auction (the **"Sale Notice"**), (d) establishing procedures for noticing and

determining cure amounts (the **"Cure Notice"**), (e) approving the Expense Reimbursement and

(f) granting related relief; and (ii) an order (1) approving the sale free and clear of all liens,

---

[1] The Debtors are the following entities: Stant Parent Corp. (7606), Stant Holding Corp. (2025), Stant Corporation (8429), Stant Manufacturing, Inc. (4059), Standard-Thomson Corporation (5751) and Thomson International Corporation (5448).

[2] Unless otherwise stated, all capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion and the Agreement attached thereto as <u>Exhibit B,</u> and to the extent of any inconsistency, the Agreement shall govern.

claims, encumbrances and interests (the **"Transaction"** or the **"Sale"**), (2) authorizing the

assumption, sale and assignment of certain executory contracts and unexpired leases and (3)

granting related relief; and it appearing that notice of the Motion is appropriate under the

circumstances and that no other or further notice need be given; and it appearing that the relief

requested is in the best interests of the Debtors' estates, their creditors, and other parties in

interest; and after due deliberation and sufficient cause appearing therefore;

### THE COURT HEREBY FINDS AND CONCLUDES THAT:[3]

A.      This court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This

proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (0). Venue is

proper in this district and in this court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The statutory predicates for the relief requested herein are sections 105(a), 363(b)

and (f), 365, 503 and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as

amended, the **"Bankruptcy Code"**) and Rules 2002(a)(2), 6004(a), (b), (c), (e) and (f), 6006(a)

and (c), 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy**

**Rules"**).

C.      Notice of the Motion having been given to the Notice Parties (as defined below) is

sufficient in light of the circumstances and the nature of the relief requested herein.

D.      The Debtors have articulated good and sufficient reasons for this Court to grant

the relief requested in the Motion regarding the sale process, including, without limitation: (i)

---

[3]      The findings and conclusions set forth herein constitute the court's findings of fact and
conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to
Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of
law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of
fact, they are adopted as such.

approving the Bid Procedures; (ii) scheduling a Sale Hearing; (iii) approving the Sale Notice; and (iv) approving the Cure Notice.

E.    The Bid Procedures were negotiated in good faith by the Debtors and the Stalking Horse Purchaser and are reasonable and appropriate.

F.    The Expense Reimbursement (as defined in the Agreement) is the product of extensive negotiations between the Debtors and the Stalking Horse Purchaser. Accordingly, payment of the Expense Reimbursement under the circumstances described in the Agreement are: (i) an actual and necessary cost and expense of preserving the Debtors' estates within the meaning of sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code; (ii) commensurate to the real and substantial benefit conferred upon the Debtors' estates by the Stalking Horse Purchaser; (iii) reasonable and appropriate, in light of the size and nature of the proposed sale transaction and comparable transactions, the commitments that have been made, and the efforts that have been and will be expended by the Stalking Horse Purchaser; and (iv) necessary to induce the Stalking Horse Purchaser to continue to pursue the sale transaction and to continue to be bound by the Agreement.

G.    The Expense Reimbursement also induced the Stalking Horse Purchaser to submit a bid that will serve as a minimum floor bid on which the Debtors, their creditors and other bidders may rely. The Stalking Horse Purchaser has provided a material benefit to the Debtors and their creditors by increasing the likelihood that Debtors will receive the best possible price for the Acquired Assets. The Expense Reimbursement will not have an adverse impact upon the Debtors, their estates, or their creditors. Accordingly, the Bid Procedures, including the Expense Reimbursement, are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtors' estates.

H.     The Sale Notice attached hereto as Exhibit 2 is reasonably calculated to provide all interested parties with timely and proper notice of the Transaction, the Sale Hearing, and the Auction.

I.     The Cure Notice attached hereto as Exhibit 3 is reasonably calculated to provide all counterparties to the Assumed and Assigned Agreements (the **"Contract Parties"**) with proper notice of the potential assumption and assignment of their executory contract or unexpired lease and any cure amounts relating thereto.

J.     The entry of this Order is in the best interests of the Debtors, their estates, creditors, and other parties in interest.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     The Bid Procedures and scheduling relief requested in the Motion is granted to the extent set forth herein.

2.     The Senior Prepetition Agent is hereby deemed a Qualified Bidder and shall be entitled to credit bid all or a portion of its claims against the Debtors, without otherwise complying with the Bid Procedures, to the fullest extent permissible under section 363(k) of the Bankruptcy Code; provided, however, nothing in this Order, any credit bid or the Bid Procedures shall (i) constitute a finding or determination with respect to the nature, extent, validity, priority or perfection of the Agents' or Lenders' alleged prepetition security interest in or liens upon the Acquired Assets (the **"Prepetition Liens"**); or (ii) give rise to a defense, claim of mootness or right to offset in any adversary proceeding or contested matter relating to the Prepetition Liens.

3.     The Debtors are hereby authorized to enter into and execute the Agreement (as modified to the extent necessary to comply with the terms of this Order) and to perform such obligations under the Agreement which arise prior to the Sale Hearing.

4. The Bid Procedures attached hereto as Exhibit 1, including the Expense Reimbursement, are hereby approved and fully incorporated into this Order, and shall apply with respect to the proposed sale of the Acquired Assets.

5. The Debtors are authorized to take any and all actions necessary or appropriate consistent with the terms of this Order to implement the Bid Procedures.

6. The deadline for submitting a Qualified Bid (as such term is defined in the Bid Procedures) shall be *September 3*, 2009 at 4:00 p.m. Eastern Time (the "**Bid Deadline**").

7. If the Debtors do not receive any Qualified Bids other than the Agreement, they will not hold the Auction and the Stalking Horse Purchaser will be named the Successful Bidder.

8. To the extent at least one Qualified Bid, other than the Stalking Horse Purchaser's Bid, is timely received, the Debtors shall conduct the Auction commencing no later than 9:00 a.m. Eastern Time on *September 14*, 2009 at the offices of Greenberg Traurig, LLP, 200 Park Avenue, New York, New York 10166.

9. All bidders, including the Stalking Horse Purchaser, submitting a Qualified Bid are deemed to have submitted to the exclusive jurisdiction of the Bankruptcy Court with respect to all matters related to the Auction and the terms and conditions of the transfer of the Acquired Assets.

10. The Court shall conduct the Sale Hearing commencing on *September 15*, 2009 at *3:00 p* .m. (Eastern Time), at which time, the Court will consider approval of the Sale to the Successful Bidder.

11. Objections to (i) approval of the Sale, including the sale of the Acquired Assets free and clear of liens, claims, encumbrances and interests pursuant to section 363(f) of the Bankruptcy Code, (ii) proposed Cure Amounts and (iii) the proposed assumption and assignment

of agreements (the **"Assumed Agreements"**), including, but not limited to, objections related to adequate assurance of future performance, must be in writing and filed with this Court and served upon (i) counsel to the Debtors, Greenberg Traurig, LLP, 200 Park Avenue, New York, NY 10166 (Attn: Nancy A. Mitchell, Esq.) and Greenberg Traurig, LLP, The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, DE 19801 (Attn: Scott D. Cousins, Esq.), (ii) counsel to the Stalking Horse Purchaser, Landis, Rath & Cobb, LLP, 919 N. Market Street, Suite 1800, Wilmington, Delaware 19899 (Attn: William E. Chipman, Jr., Esq.), (iii) counsel to the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: David L. Buchbinder), (iv) counsel to the Official Committee of Unsecured Creditors appointed in these Chapter 11 cases (the "Committee"), Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, New Jersey 07069 (Attn: Sharon Levine, Esq. and S. Jason Teele, Esq.); (v) counsel to the Senior Prepetition Agent, Vedder Price P.C., 222 North LaSalle Street, Suite 2600, Chicago, IL 60601 (Attn: Michael M. Eidelman, Esq. and Stephanie K. Hor-Chen, Esq.) and Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 North Market Street, P.O. Box 1709, Wilmington, DE 19899 (Attn: David B. Stratton, Esq.), so as to be received by such parties on or before _September 10_ 2009 at 4:00 p.m. (Eastern Time) (the **"Objection Deadline"**); provided, however, that in the event the Auction results in a Successful Bidder other than the Stalking Horse Purchaser, the deadline for objecting to the assignment of executory contracts and unexpired leases to such Successful Bidder shall be the commencement of the Sale Hearing.

12.     Unless an objection to the assumption and assignment of an Assumed and Agreement is filed and served before the Objection Deadline or the Amended Contract Objection Deadline, as applicable, all counterparties to the Assumed Agreements shall (i) be forever barred

from objecting to the proposed Cure Amounts and from asserting any additional cure or other amounts with respect to the Assumed Agreements, and the Debtors and Stalking Horse Purchaser, or the Successful Bidder, as applicable, shall be entitled to rely solely upon the proposed Cure Amounts set forth in the Cure Notices; (ii) be deemed to have consented to the assumption and assignment, and (iii) be forever barred and estopped from asserting or claiming against the Debtors or Stalking Horse Purchaser, or the Successful Bidder, as applicable, that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such Assigned Agreements or that there is any objection or defense to the assumption and assignment of such Assigned Agreements.

13.     Where a nondebtor counterparty to an Assumed and Assigned Agreement files an objection asserting a cure amount higher than the proposed Cure Amounts (the **"Disputed Cure Amount"**), then (a) to the extent that the parties are able to consensually resolve the Disputed Cure Amount prior to the Sale Hearing, and subject to the consent of the Stalking Horse Purchaser, or the Successful Bidder, as applicable, of such consensual resolution, the Debtors shall promptly provide the Stalking Horse Purchaser, or the Successful Bidder, as applicable, and the Committee notice and opportunity to object to such proposed resolution or (b) to the extent the parties are unable to consensually resolve the dispute prior to the Sale Hearing, then such objection will be heard at the Sale Hearing or thereafter. Pending a ruling on such objection, if not made at the Sale Hearing, the amount necessary will be reserved and paid upon a final Court order determining the correct cure amount and will be paid as provided in the Agreement. All other objections to the proposed assumption and assignment of an Assumed and Assigned Agreement will be heard at the Sale Hearing.

14.    All objections to the relief requested in the Motion with respect to the Bid Procedures that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled except as otherwise set forth herein.

15.    In accordance with the terms set forth in the Agreement, the Debtors are authorized to pay, without further order of the Court, to the Stalking Horse Purchaser, the Expense Reimbursement in an amount not to exceed $300,000.

16.    Any Expense Reimbursement that becomes payable under the Agreement shall be paid, in full, in cash, upon the closing of any Alternative Transaction. In the event the Senior Prepetition Agent's bid is selected as the Successful Bid (defined below), no Expense Reimbursement shall be payable to the Stalking Horse Purchaser.

17.    The Sale of the Acquired Assets is consistent with section 363(b)(1)(A) of the Bankruptcy Code and the Debtors' privacy policy, and no consumer privacy ombudsman is necessary in connection with the Sale.

18.    The Stalking Horse Purchaser and the Committee shall have standing to object to the sale of the Acquired Assets to the Successful Bidder other than the Stalking Horse Purchaser. This Order shall not be a determination regarding the Stalking Horse Purchaser's standing regarding any other issue in connection with the Sale.

19.    The Sale Notice attached hereto as Exhibit 2 provides proper notice to all parties in interest and is approved.

20.    The Cure Notice attached hereto as Exhibit 3 provides proper notice to all parties in interest and is approved.

21.    Within three (3) business days of this order, the Debtors shall serve by first class mail, postage prepaid, copies of: (i) this order; (ii) the Motion; (iii) the Sale Notice; and (iv) the Cure Notice, upon the following entities: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Committee; (c) the top 20 largest unsecured creditors of the Debtors; (d) counsel to the agent for the Debtors' prepetition, and proposed postpetition, secured lenders; (e) all taxing authorities having jurisdiction over any of the Acquired Assets subject to the sale, including the Internal Revenue Service; (f) the Environmental Protection Agency; (g) the state/local environmental agencies in the jurisdictions where the Debtors own or lease real property; (h) all parties that have requested special notice pursuant to Bankruptcy Rule 2002; (i) all persons or entities known to the Debtors that have or have asserted a lien on, or security interest in, all or any portion of the Acquired Assets; (j) all Contract Parties; (k) counsel to the Stalking Horse Purchaser; and (l) all potential bidders previously identified or otherwise known to the Debtors, (collectively, the **"Notice Parties"**).

22.    Not later than five (5) days after entry of an Order approving the Bid Procedures Motion, the Debtors shall cause the Sale Notice to be published in the national edition of either The Wall Street Journal or The New York Times, pursuant to Bankruptcy Rule 2002(1). Such publication notice shall be sufficient and proper notice to any other interested parties.

23.    A Qualified Bidder that desires to make a Bid shall deliver written copies of its bid to the Notice Parties not later than 12:00 p.m. (Eastern Time) on September 3, 2009 (the **"Bid Deadline"**) and shall comply with the requirements set forth in the Bid Procedures in making such a bid for the Acquired Assets.

24.    Not later than September 10 2009 at 4:00 p.m. (prevailing Eastern time), the Debtors will notify all Qualified Bidders of (i) the highest or otherwise best Qualified Bid (the

9

"**Baseline Bid**") and (ii) the time and place of the Auction, and provide copies of all Qualified

Bids to all Qualified Bidders.

25.	Upon conclusion of the bidding, the Auction shall be closed, and Debtors, in

consultation with the Committee, shall (i) immediately review each Qualified Bid on the basis of

financial and contractual terms, including the proposed treatment of defined benefits pension

plans, and the factors relevant to the sale process, including those factors affecting the speed and

certainty of consummating the Proposed Sale, and (ii) immediately identify the highest or

otherwise best offer for the Acquired Assets (the **"Successful Bid"** and the entity submitting

such Successful Bid, the **"Successful Bidder"**). In determining the Successful Bid, the Debtors

will consider, among other factors, the assumption of liabilities, including liabilities under

defined pension plans, contemplated by each Qualified Bid.

26.	The Debtors shall sell the Acquired Assets to the Successful Bidder upon

approval of the Successful Bid by the Bankruptcy Court after the Sale Hearing. The Debtors

presentation of a particular Qualified Bid to the Bankruptcy Court for approval does not

constitute Debtors' acceptance of the bid. The Debtors will be deemed to have accepted a Bid

only when the Bid has been approved by the Court at the Sale Hearing, to be held before the

Honorable Brendan L. Shannon, Court for the District of Delaware, on September 15, 2009 at

[3:00 p.m], or as soon thereafter as counsel may be heard.

27.	This Order shall constitute findings of fact and conclusions of law and shall take

effect immediately upon execution hereof.

28.	All time periods set forth in this Order shall be calculated in accordance with

Bankruptcy Rule 9006(a).

29.     Notwithstanding the possible applicability of Federal Rule of Bankruptcy Procedure 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Order.

30.     This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order and the Bid Procedures.

Dated:  Wilmington, Delaware
        August          17, 2009

UNITED STATES BANKRUPTCY JUDGE

*NY 239,658,330v4*

11