## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| STANT PARENT CORP., *et al.*,[1] | Case No. 09-12647 (BLS) |
| Debtors. | Jointly Administered |
| | Objection Deadline: December 3, 2009, at 4:00 p.m.<br>Hearing Date: December 10, 2009, at 10:00 a.m. |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 1121(d) EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF

Stant Parent Corp. and its affiliated debtors and debtors-in-possession in the above-captioned cases (the "**Debtors**") hereby move the Court (the "**Motion**") for entry of an Order pursuant to section 1121(d) of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), extending the period during which the Debtors have the exclusive right to file a chapter 11 plan (the "**Exclusive Filing Period**") by 62 days through and including January 25, 2010, and extending the period during which the Debtor has the exclusive right to solicit acceptances thereof (the "**Exclusive Solicitation Period**," together with the Exclusive Filing Period, the "**Exclusive Periods**") through and including March 26, 2010. In support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

---

[1] The Debtors are the following entities: Stant Parent Corp. (7606), Stant Holding Corp. (2025), Stant Corporation (8429), Stant Manufacturing, Inc. (4059), Standard-Thomson Corporation (5751) and Thomson International Corporation (5448).

2. The statutory predicates for the relief requested herein are sections 105 and 1121(d) of the Bankruptcy Code.

## Background

3. On July 27, 2009 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their properties and are operating and managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtors are a leading, integrated manufacturer of highly engineered fluid systems for the global automotive and industrial original equipment markets and automotive aftermarket. The Debtors are private entities incorporated in Delaware. The Debtors maintain their global operational and manufacturing headquarters in Connersville, Indiana. They also operate a manufacturing facility in Pine Bluff, Arkansas and maintain a sales office in Troy, Michigan.

5. A more detailed factual background of the Debtors' businesses and operations, as well as the events precipitating the commencement of these cases, is fully set forth in the Declaration of Philip Fitzpatrick in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief (the "**First Day Declaration**"), filed on the Petition Date and incorporated herein by reference.

6. On August 7, 2009, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "**Committee**") in these cases.

7. No trustee or examiner has been appointed in these cases.

NY239,935,818v2

8.      On September 18, 2009, the Court entered an order authorizing the sale of substantially all of the Debtors' assets outside of the ordinary course of business pursuant to section 363 of the Bankruptcy Code (the "**Sale**").

9.      Since the approval of the Sale, the Debtors and the Committee have been working with their advisors and counsel to develop the framework of a joint liquidating plan of reorganization (the "**Plan**") that provides for the treatment of claims and interests against the Debtors and the liquidation of the Debtors' remaining assets.

10.     Absent a grant of the relief requested herein, the Exclusive Periods will terminate on November 24, 2009 and January 25, 2010, respectively.

## Relief Requested

11.     By this Motion, the Debtors seek the entry of an order pursuant to section 1121(d) of the Bankruptcy Code extending the Exclusive Periods through January 25, 2010, and March 26, 2010, respectively.  This is the Debtors' first request for an extension of the Exclusive Periods and is without prejudice to any such additional requests.

## Basis For Relief

12.     Pursuant to section 1121(b) of the Bankruptcy Code, a debtor has the exclusive right to file a plan of reorganization during the first 120 days after the commencement of a chapter 11 case.  If a debtor files a plan during this period, section 1121(c)(3) of the Bankruptcy Code provides an additional 60 day period during which the debtor may exclusively solicit acceptance of the plan.

13.     Section 1121(d) of the Bankruptcy Code provides that the Court may extend these exclusive periods for cause.  11 U.S.C. § 1121(d) ("[O]n request of a party in interest and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.").

-3-

14.     While the Bankruptcy Code does not define the term "cause" in this context, it is well established that the decision to extend a debtor's exclusivity period is committed to the sound discretion of the Bankruptcy Court and should be based upon the facts and circumstances of a particular case. *In re Sharon Steel Corp.*, 78 B.R. 762, 763 (Bankr. W.D. Pa. 1987); *First Am. Bank of New York v. Southwest Gloves and Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986); *In re Reetz*, 61 B.R. 412, 414 (Bankr. W.D. Wis. 1986). Courts have looked to the legislative history of section 1121(d) for guidance. *See In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996); *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989). Congress intended that the exclusive periods be of an adequate length, given the circumstances, for a debtor to formulate, negotiate, and draft a viable plan, without the disruption to the business that would occur with the filing of competing plans of reorganization. *Amko Plastics*, 197 B.R. at 77 (noting that Congress intended courts to have flexibility in dealing with extensions of exclusivity); *Gaines v. Perkins (In re Perkins)*, 71 B.R. 294, 297 (W.D. Tenn. 1987) ("The hallmark of . . . [section 1121(d)] is flexibility").

15.     Courts examine a number of factors to determine whether "cause" for extension of the exclusive periods exists. These factors include the following:

(a)     the size and complexity of the case;
(b)     the existence of good faith progress;
(c)     the necessity of sufficient time to negotiate and prepare adequate information;
(d)     whether creditors are prejudiced by the extension;
(e)     whether the debtor is paying its debts as they become due;
(f)     whether the debtor has demonstrated reasonable prospects for filing a viable plan;
(g)     whether the debtor has made progress negotiating with creditors;
(h)     the length of time a case had been pending;
(i)     whether the debtor is seeking an extension to pressure creditors; and
(j)     whether or not unresolved contingencies exist.

NY239,935,818v2

See *In re Friedman's Inc.*, 336 B.R. 884, 888 (Bankr. D. Ga. 2005); *In re Cent. Jersey Airport Serv.*, LLC, 282 B.R. 176, 183 (Bankr. D. N.J. 2002); *In re R.G. Pharm, Inc.*, 374 B.R. 484, 487 (Bankr. D. Conn. 2007); *In re Adelphia Commc'ns. Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006).

16.     Not all factors are relevant to every case and courts tend to apply a relevant subset of the above factors to determine whether cause exists to grant an exclusivity extension in a particular chapter 11 case. *See e.g., In re Express One Int'l*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D. D.C. 1986) (finding that the debtor showed "cause" to extend exclusivity based upon three of the factors).

17.     Considering these factors, the Debtors submit that ample cause exists to extend the Exclusive Periods.  First, the Court should extend the Exclusive Periods based on the complexity of these cases.  The six domestic entities of the Debtors filed these cases in the midst of the worst financial crisis in decades and in the face of frozen credit markets.  This harsh financial climate has exacerbated the many complexities already attendant to any chapter 11 case.  Moreover, in light of the difficulties facing the automotive industry, the Debtors' management and advisors focused all of their initial efforts on attempting to maintain the Debtors' day-to-day operations and avoid disruptions with suppliers, vendors and customers in an endeavor to preserve value.  Furthermore, the Debtors' management and advisors were actively involved in marketing the Debtors in an effort to sell their businesses as a going concern, which efforts resulted in the court-approved Sale that has allowed the Debtors to continue their operations, preserve jobs, and maintain the value of the company.  Accordingly, based on the size and complexities of these cases, cause exists to extend the Exclusive Periods.

NY239,935,818v2

18.     Second, the Debtors have demonstrated their good faith progress in these cases. The Debtors' Sale was approved by this court in less than 60 days from the Petition Date. Since the approval of the Sale, the Debtors have worked diligently towards the Plan in conjunction with the Committee. The Debtors have engaged in an extensive dialogue with the Committee and have supplied the Committee with a great amount of information. As a result of the Debtors' significant negotiations and discussions with the Committee, the Debtors and the Committee have formulated the joint Plan which will be finalized and filed shortly.

19.     Third, the Debtors are seeking an extension of the Exclusive Periods, not to delay administration of these cases or to pressure their creditors, but instead to continue meeting the challenges presented by these cases and to build consensus around the Plan that all major constituencies support. Accordingly, the Debtors will require additional time to develop a consensual Plan and develop a related disclosure statement and plan documents.

20.     Fourth, the Debtors have made timely payments on their undisputed postpetition obligations since the Petition Date and the purchaser under the Sale has funded an adequate wind-down budget in order to proceed to filing the Plan and related documents. Thus, the Debtors respectfully submit that the requested extension of the Exclusive Periods will not prejudice the legitimate interests of creditors.

21.     Alternatively, termination of the Debtors' Exclusive Periods could adversely impact the interest of the Debtors' estates and the progress of these cases. If this Court were to deny the Debtors' request for an extension of the Exclusive Periods, any party in interest then would be free to propose a plan for each of the Debtors. If that were to occur, the Debtors would be forced to formulate and negotiate the Plan while assessing any competing plan and contend with the destabilizing effect that such an event would have on these cases, which would

ultimately inure to the detriment of the stakeholders. Therefore, it is clear that extending the Exclusive Periods will benefit the Debtors' estates, their creditors and all other key parties in interest.

22.     In light of the foregoing factors, the Debtors' request for an approximately 60 day extension of the Exclusive Periods is justified. The extension requested by the Debtors, which, when added to the initial Exclusive Filing Period will total 5 months and when added to the initial Exclusive Solicitation Period will total 7 months, is well within the 18- and 20-month extension limits now set forth in sections 1121(d)(1)(2)(A) and (B) of the Bankruptcy Code.

23.     Finally, similar relief has been granted by this Court and by other bankruptcy courts in the District of Delaware. *See e.g.*, *In re Flying J Inc.*, Case No. 08-133 84 (MFW) (Bankr. D. Del. Apr. 16, 2009) (extending exclusive filing and solicitation periods by 60 days); *In re Pierre Foods, Inc.*, Case No. 08-11480 (KG) (Bankr. D. Del. Aug. 27, 2008) (same); *In re Tropicana Entm't, LLC*, Case No. 08-10856 (KJC) (Bankr. D. Del. Aug. 8, 2008) (extending exclusive filing and solicitation periods by 130 days); *In re The Flinkote Co. and Flinkote Mines Ltd.*, Case No. 04-11300 (JKF) (Bankr. D. Del. Apr. 30, 2008) (granting the twelfth extension of the exclusivity period); *In re S-Tran Holdings, Inc.*, Case No. 05-11391 (KJC) (Bankr. D. Del. March 26, 2008) (extending exclusivity filing and solicitation periods in chapter 11 liquidation case); *In re Rogue Indus., Inc.*, Case No. 03-13272 (MFW) (Bankr. D. Del. March 15, 2007) (extending exclusive filing and solicitation periods).

24.     For all of the foregoing reasons, the Debtors respectfully submit that "cause" exists under section 1121(d)(1) of the Bankruptcy Code and that the equities weigh strongly in favor of granting the Debtors an extension of the Exclusive Periods as requested herein.

NY239,935,818v2

**Notice**

25.     Notice of this Application has been given to the following parties or, in lieu thereof, to their counsel, if known:  (a) the Office of the United States Trustee; (b) counsel for the Committee; and (c) those persons who have requested service pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Debtors respectfully request the entry of an Order, substantially in the form submitted herewith, extending the Exclusive Filing Period through and including January 25, 2010, and the Exclusive Solicitation Period through and including March 26, 2010, and such other and further relief as may be just and proper.

Dated: _Nov 23_, 2009

GREENBERG TRAURIG LLP

Scott D. Cousins (DE Bar No. 3079)
Sandra G. M. Selzer (DE Bar No. 4283)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware  19801
Telephone:  (302) 661-7000
Facsimile:  (302) 661-7360
Email: cousinss@gtlaw.com
          selzers@gtlaw.com

-and-

Nancy A. Mitchell
Alan J. Brody
200 Park Avenue
New York, New York  10166
Telephone:  (212) 801-9200
Facsimile:  (212) 801-6400
Email: mitchelln@gtlaw.com
          brodya@gtlaw.com

Counsel for the Debtors
and Debtors-in-Possession

NY239,935,818v2